# IN THE COURT OF APPEALS OF IOWA

No. 14-2164
Filed May 11, 2016

**CARL ERIC OLSEN,**
        Plaintiff-Appellant,

**vs.**

**IOWA BOARD OF PHARMACY,**
        Defendant-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Eliza Ovrom, Judge.


Carl Olsen appeals from the district court's order on judicial review of the ruling of the Iowa Board of Pharmacy. **AFFIRMED.**

Carl Eric Olsen, Des Moines, appellant pro se.

Thomas J. Miller, Attorney General, and Meghan L. Gavin, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Vogel and Potterfield, JJ.

**DANILSON, Chief Judge.**

Carl Olsen appeals from the district court's order on judicial review of the November 6, 2013 ruling of the Iowa Board of Pharmacy rejecting Olsen's petition to recommend to the 2014 legislature that marijuana be removed from Schedule I of the controlled substances. *See* Iowa Code § 124.204(4)(m) (2013) (listing marijuana as a Schedule I hallucinogenic substance "except as otherwise provided by rules of the board for medicinal purposes"). The question presented to us is whether the Board *must* recommend the reclassification of marijuana to the legislature on a yearly basis. The district court agreed with the Board that its statutory authority provides the Board discretion to do so. We agree.

The legislature has delegated broad authority to the Board to "administer the regulatory provisions of this chapter," entitled controlled substances. Iowa Code § 124.201(1) ("The board shall administer the regulatory provisions of this chapter."). One duty specified is that "[a]nnually . . . the board shall recommend to the general assembly any deletions from, or revisions in the schedules of substances, enumerated in section 124.204, . . ., which it deems necessary or advisable."). *Id.*

On July 30, 2013, Olsen petitioned the Board to recommend marijuana be removed from the list of schedule I controlled substances. The Board considered the petition at its November meeting and voted to deny the petition. In its written decision, the Board explained:

> The Board recommended the rescheduling of marijuana in 2010. The Board recognized at that time and continues to recognize that the scheduling of controlled substances is ultimately a decision for the Iowa Legislature. The General Assembly took no action on the Board's 2010 recommendation. During the 2013

session, the legislature considered but did not act upon two bills calling for the rescheduling of marijuana. On November 6, 2013, the Board concluded that it was not advisable or appropriate to recommend the rescheduling of marijuana in 2014.

Olsen sought judicial review in the district court, arguing the Board had no discretion to deny the petition. The district court wrote:

> Petitioner [Olsen] focuses on the language of section 124.203(2), which states that the legislature "shall" recommend deletion of a controlled substance from Schedule I if it does not meet the criteria concerning medical use in treatment in the United States. However, this narrow reading of the statute ignores the broad language of section 124.201, which states that the Board shall annually recommend revisions to the schedules of substances "which it deems necessary or advisable." Sections 124.201, .203, and .205 must be read to give effect to all of them. In doing so, the court concludes the legislature intended that the Board have discretion to recommend whether a controlled substance should be removed from Schedule I, or reclassified from Schedule I to Schedule II. This authority is clearly stated in subsection [124.201(1)].

A court may only reverse the agency's ruling "[b]ased upon an irrational, illogical, or wholly unjustifiable interpretation of a provision of law whose interpretation has clearly been vested by a provision of law in the discretion of the agency." Iowa Code § 17A.19(10)(*l*). Certainly the Board could reasonably conclude it was unnecessary to repeat its recommendation for reclassification that it provided in 2010 in light of the fact that the legislature gave consideration to reclassification in the 2013 legislative session. Moreover, there is no indication the Board has withdrawn its earlier recommendation. We do not find the Board's interpretation that it has discretion to recommend or to choose not to continually recommend reclassification under section 124.401(1) to be irrational, illogical, or wholly unjustifiable. Although the Board must make annual

recommendations, section 124.201 does not require a running list of its past recommendations on an annual basis.  We therefore affirm.

**AFFIRMED.**